# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY TOM, JR.,

    Plaintiff,

v.                                       Case No. 17-C-1413

GENERAC POWER SYSTEMS, INC.,

    Defendant.

## ORDER REGARDING MOTION TO FILE UNDER SEAL

On May 10, 2018, Plaintiff filed a motion seeking leave to file under seal three exhibits to a declaration. ECF No. 22. The motion explained that the exhibits consisted of excerpts from three deposition transcripts that have been marked confidential pursuant to the parties' stipulated Protective Order approved by this court. *Id.* ¶ 3. The following day, Plaintiff and Defendant filed a stipulation stating that the parties agreed that (1) the exhibits could be filed under seal and (2) Plaintiff's motion for leave to file under seal would be withdrawn. ECF No. 23. Simultaneously, Plaintiff filed a motion for conditional certification and authorization of notice, as well as a declaration by Plaintiff's counsel with the three deposition transcript excerpts placed under seal. ECF Nos. 24, 29, 29-1, 29-2, 29-3.

The mere fact that the parties agreed to file a document under seal, however, is not sufficient to establish the good cause necessary to maintain such filings under seal. See *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require

a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.")

In this district, General L.R. 79(d) governs the procedure for filing material that a party has designated confidential under seal. Subsection (3) states that "[a]ny motion to seal must be accompanied by proof of good cause for withholding the document or material from the public record." Accordingly, the party who has designated the material as confidential has the burden of proof on the question of whether it should be maintained under seal now that it has been filed with the court. Although the deposition transcript excerpts will remain under seal for now, Plaintiff must provide the court with good cause to maintain the material under seal within the next fifteen days. Failure to do so will result in the documents being unsealed.

**SO ORDERED** this 14th day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
