UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY TOM, JR.,

        Plaintiff,

v.                                                       Case No. 17-C-1413

GENERAC POWER SYSTEMS, INC.,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Timothy Tom, Jr., filed this action on behalf of himself and other similarly situated manufacturing employees throughout Wisconsin employed by Defendant Generac Power Systems, Inc. (Generac). Tom alleges that Generac's pay policy violates the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, because it rounds manufacturing employees' start and end time to their scheduled times, resulting in an alleged failure to compensate them for hours worked in excess of forty during the week. Currently before the court is Tom's motion for reconsideration of the court's August 3, 2018 decision (ECF No. 51) denying his motion for conditional certification and court-facilitated notice. Because I remain convinced the denial was not in error, Tom's motion for reconsideration (ECF No. 52) will be denied.

## LEGAL STANDARD

"'Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'" *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill.

1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

## ANALYSIS

Tom asserts that the court made a manifest error of law by holding him to a higher evidentiary burden then is required at this stage of class certification—specifically, requiring Tom to submit admissible evidence in support of his claim. Tom states "[t]he focus of the inquiry should not be whether Plaintiff will ultimately be successful in proving an FLSA violation exists, but whether he has a *reasonable basis* for *believing* that he and other Manufacturing Employees at Defendant are similarly situated." Pl.'s Brief at 5, ECF No. 53.

More than just a reasonable belief, however, is required to support a finding in favor of conditional class certification. "[T]he plaintiff must still muster some factual support such as 'affidavits, declarations, deposition testimony, or other documents' to demonstrate 'a factual nexus between the plaintiff and the proposed class or a common policy that affects all the collective members.'" *Martinez v. Regency Janitorial Servs., Inc.*, No. 11-C-259, 2012 WL 252230, at *1 (E.D. Wis. Jan. 26, 2012) (quoting *Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F. Supp. 2d 745, 750 (N.D. Ill. 2011)); *see also Howard v. Securitas Sec. Servs., USA*, No. 08 C 2746, 2009 WL 140126 (N.D. Ill. Jan. 20, 2009). As this court said in *Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360 (E.D. Wis. Sept. 11, 2008), requiring the modest factual showing to be supported by

meaningful evidence "provides a meaningful basis upon which the Court may determine whether to exercise its discretion with regard to a request for court-facilitated notification of potential class members." *Id.*, at *8. In addition, "the legislative history of the collective action procedure, and Congress's expressed concern for the financial burden it may impose, supports the requirement of at least a modest factual showing that such collective action is appropriate before a class is even conditionally certified." *Id*. at *4. Although the courts, including those in this circuit, are split as to whether admissible or inadmissible evidence may be relied upon to make the requisite factual showing for conditional certification, *see id.*, at *8, Tom points to no binding case law that shows requiring admissible evidence is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606 (quoting *Sedrak*, 987 F. Supp. at 1069). The court did not require Tom "to make a *prima facie* showing by *admissible evidence* that he and other Manufacturing Employees at Defendant are, *in fact*, victims of an unlawful policy or practice." Pl.'s Brief at 4, ECF No. 53. The court did not deny Tom's motion for conditional certification because the court found he did not prove a violation existed. Rather, the court denied his motion because "Tom's claims arise out of his individual actions and do not demonstrate a nexus between his experience and the experience of members of the proposed class," ECF No. 51 at 12, making class-wide resolution of whether Generac's policy violates the FLSA inappropriate.

Tom also argues that the court's decision resulted in a manifest injustice because, in deciding his motion, the court considered affidavits and written policies submitted by Generac, resolved factual disputes, decided substantive issues on the merits, and made credibility determinations. Tom argues

3

that such considerations and actions are outside the realm of what the court may do and consider when resolving a conditional certification motion, and instead the court must wait until the second stage of the two-step certification analysis to do so.

The court's consideration of evidence submitted by Generac was not inappropriate. "While the court need not resolve the substantive merits of the plaintiffs' claims at this preliminary stage, the court is not required to accept the plaintiffs' allegations as true." *Martinez*, 2012 WL 252230, at *1 (citing *Nehmelman*, 822 F. Supp. at 751). "'Rather, the court evaluates the record before it, including the defendant's oppositional affidavits, to determine whether the plaintiffs are similarly situated to other putative class members.'" *Nehmelman*, 822 F. Supp. at 751 (quoting *Hundt v. DirectSat USA, LLC*, No. 08 C 7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010)); *see also Krupp v. Impact Acquisitions LLC*, No. 14-C-950-PP, 2016 WL 7190562, at *5 (E.D. Wis. Dec. 12, 2016). The court did not decide substantive issues on the merits. It looked to Generac's submissions to provide context to Tom's claims and his portrayal of Generac's policies. The court did not find that the existence of measures—such as time clock reminders, bells, supervisor reminders, and reporting policies—taken by Generac to prevent employees from working before or after their scheduled shifts meant that Tom's claim was meritless, and thus did not decide the substantive merits of his underlying FLSA claim. Rather, consideration of these measures in conjunction with Generac's electronic timekeeping system provided the court with a more complete understanding of whether Tom is similarly situated to other manufacturing employees. It was "[a]gainst this backdrop," ECF No. 51 at 10, that the court ultimately concluded "[a]ny work that Tom performed outside of his scheduled shifts thus occurred not as a product of a policy commonly affecting all hourly manufacturing employees at Generac but as a result of his own decision to work during times when Generac expressly instructed him and all

other employees not to perform work." *Id*. at 10–11. In so doing, the court did not resolve factual disputes or make credibility determinations, but rather viewed Tom's actions against this factual backdrop and determined the root cause of his alleged uncompensated work to be his individual actions rather than a Generac company policy forced upon him as well as other Generac manufacturing employees.

Although Tom argues that failure to resolve this issue on a class-wide basis will likely result in needless additional expense in the form of multiple individual suits against Generac, here, where there is no factual nexus between him and the proposed class or a common policy that affects all the collective members because the claim stems from his individual actions, independent adjudication is the appropriate option. As a result, the court is not convinced that its decision denying Tom's motion for conditional certification is the result of an error of law or fact in this case. Accordingly, Tom's motion for reconsideration (ECF No. 52) is **DENIED**.

**SO ORDERED** this  9th  day of November, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
